UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| JOSEPH BRAZAN | CIVIL ACTION |
|---|---|
| VERSUS | CASE NO. 18-6898 |
| LAMORAK INSURANCE CO., et al. | SECTION: "G"(2) |

## ORDER AND REASONS

Pending before the Court is Plaintiff Joseph Brazan's ("Plaintiff") "Motion to Remand."[1] Having considered the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court will grant Plaintiff's motion in part and remand the case to the Civil District Court for the Parish of Orleans, State of Louisiana and deny Plaintiff's motion in part to the extent that Plaintiff's requests costs, attorneys' fees, and sanctions.

## I. Background

In this case, Plaintiff alleges he contracted malignant mesothelioma as a result of exposure to asbestos products at various worksites from 1960 through 1979.[2] On September 29, 2017, Plaintiff filed a petition for damages in the Civil District Court for the Parish of Orleans against twenty defendants.[3] On July 23, 2018, according to Defendants Union Carbide Corporation ("Union Carbide") and Bayer CropScience, Inc. Bayer CropScience, Inc., as Successor to Rhone-Poulenc AG Company, f/k/a Amchem Products, Inc., f/k/a Benjamin Foster Company's

---

[1] Rec. Doc. 3.

[2] Rec. Doc. 1 at 2.

[3] *Id.* at 1.

1

("Amchem") (collectively, "Removing Defendants") Notice of Removal, Plaintiff settled with all remaining parties, except for Removing Defendants.[4]

On the same date, Removing Defendants filed a notice of removal, whereby Removing Defendants allege there exists complete diversity, as "Plaintiff, by his voluntary act, has definitely and clearly indicated his intention to abandon or discontinue his action against all non-diverse defendants," and the amount in controversy exceeds $75,000.[5] On July 23, 2018, Plaintiff filed the instant motion to remand, arguing that a nondiverse defendant still remains in this case, which destroys complete diversity.[6] Plaintiff also filed an "Ex Parte Motion for Expedited Hearing,"[7] which the Court granted, setting the motion to remand for submission on July 26, 2018.[8] On July 25, 2018, Removing Defendants filed an opposition to Plaintiff's motion.[9] On July 25, 2018, Plaintiff filed a reply in further support of Plaintiff's motion to remand.[10]

## II. Parties' Arguments

### A.  *Plaintiff's Arguments in Support of Remand*

In the motion to remand, Plaintiff argues that the instant case should be remanded because complete diversity does not exist between the parties.[11] Plaintiff asserts that Reilly-Benton Company, Inc. ("Reilly-Benton"), a Louisiana citizen, remains a nondiverse defendant in this

---

[4] *Id.* at 1–2.

[5] *Id.*

[6] Rec. Doc. 3.

[7] Rec. Doc. 4.

[8] Rec. Doc. 7.

[9] Rec. Doc. 9.

[10] Rec. Doc. 16.

[11] Rec. Doc. 3-1 at 2.

case.[12] According to Plaintiff, Reilly-Benton filed for bankruptcy after Plaintiff filed suit, meaning all claims asserted against Reilly-Benton are subject to an automatic stay.[13] Moreover, Plaintiff asserts that he has not voluntarily dismissed Reilly-Benton from the case.[14] Plaintiff contends that two other sections of this Court, in *Poche v. Eagle, Inc.* and *Bourke v. Exxon Mobil Corp.,* have previously determined that an automatic stay does not result in the dismissal of a defendant for purposes of establishing diversity jurisdiction.[15] Plaintiff further asserts that costs, attorney's fees, and sanctions against Removing Defendants are warranted in this case, considering Removing Defendants removed the case "on the day a living mesothelioma victim's trial was set to begin."[16]

### B. *Removing Defendants' Arguments In Opposition to Remand*

In the opposition, Removing Defendants make three primary arguments as to why removal of this matter is appropriate.[17] As a threshold matter, Removing Defendants note that Plaintiff's reliance on *Poche* and *Bourke* is misplaced, as Removing Defendants contend that they are not asserting that Reilly-Benton's citizenship should be ignored because of its bankruptcy status.[18] Instead, Removing Defendants assert that Reilly-Benton's citizenship should be disregarded for the purpose of determining diversity jurisdiction for the following reasons.[19] First, Removing

---

[12] *Id.*

[13] *Id.*

[14] *Id.* at 2–3.

[15] *Id.* at 3 (citing *Poche v. Eagle, Inc.*, No. 15-5436, 2015 WL 7015575 (E.D. La. Nov. 10, 2015) (Barbier, J.); *Bourke v. Exxon Mobil Corp.*, No. 15-5347, 2016 U.S. Dist. LEXIS 27762 (E.D. La. Mar. 4, 2016) (Morgan, J.)).

[16] *Id.* at 4.

[17] Rec. Doc. 9.

[18] *Id.* at 3–4.

[19] *Id.*

3

Defendants argue that Plaintiff voluntarily discontinued his claim against Reilly-Benton "by electing to proceed to trial against only Union Carbide and Amchem."[20] Second, Removing Defendants argue that to the extent Reilly-Benton remains in this case, it would be as a nominal defendant and its citizenship would be disregarded for the purposes of determining diversity jurisdiction.[21] Third, Removing Defendants argue that Reilly-Benton was improperly joined, contending that there is no reasonable possibility that Plaintiff could recover against Reilly-Benton at trial.[22] Removing Defendants also contend that Plaintiff's request for Rule 11 Sanctions should be denied, as Removing Defendants' removal was supported by both the law and the facts of this case.[23]

Regarding Removing Defendants' first argument, they aver that the instant case became removable on July 23, 2018, because Plaintiff's "voluntary acts" demonstrate Plaintiff's intent to discontinue the action against the nondiverse Defendant, Reilly-Benton.[24] Removing Defendants argue that Plaintiff's counsel stated in open court on July 23, 2018 that the only remaining defendants in this case were Union Carbide and Amchem.[25] Removing Defendants contend that "Plaintiff 'definitely and clearly' indicated his intention to abandon or discontinue his action as to all other Defendants, including Reilly-Benton, by choosing to proceed to trial against only Union Carbide and Amchem."[26] Removing Defendants further argue that Plaintiff did not include Reilly-

---

[20] *Id.* at 4–8.

[21] *Id.* at 9–10.

[22] *Id.* at 10–14.

[23] *Id.* at 14.

[24] *Id.* at 4–5.

[25] *Id.* at 5.

[26] *Id.* at 6.

Benton as a party in his pretrial inserts, did not mention Reilly-Benton in Plaintiff's proposed jury interrogatories, and did not ask its expert witness to offer an opinion on Reilly-Benton.[27] Removing Defendants contend that Reilly-Benton did not need to be formally dismissed by Plaintiff, but rather that the Plaintiff merely needs to demonstrate a voluntary discontinuance of the action towards the nondiverse defendant.[28] Removing Defendants also argue that even if Plaintiff contends that Plaintiff's counsel erred in speaking in state court, those statements would still be binding on Plaintiff.[29]

Next, Removing Defendants contend that to the extent that Reilly-Benton remains a defendant in this case, its status would be nominal and its citizenship should be disregarded for the purposes of diversity jurisdiction.[30] Removing Defendants contend that it is well established that a nominal defendant does not need to be diverse from the plaintiff for the purposes of removal and that a defendant is considered nominal when a "plaintiff, through his own voluntary acts, expresses an intent to effectively terminate or abandon his claim against a defendant."[31] Based on the actions of Plaintiff's counsel discussed above, Removing Defendants assert that Plaintiff voluntarily discontinued his case against Reilly-Benton.[32]

---

[27] *Id.*

[28] *Id.* at 6–7 (citing *Acosta v. Master Maint. & Const., Inc.*, 52 F. Supp. 2d 699, 710 (M.D. La. 1999); *Aydell v. Sterns*, 677 F. Supp. 877, 881 (M.D. La. 1988)).

[29] *Id.* at 8 (citing *Henry v. State of Miss.*, 379 U.S. 443, 446 (1965); *Oscanyan v. Arms Co.*, 103 U.S. 261 (1880); *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 356–57 (5th Cir. 1993); *Davis v. State Farm Fire & Cas.*, No. CIV A. 06-0560, 2006 WL 2192847, at *2 (E.D. La. Aug. 1, 2006)).

[30] *Id.* at 9.

[31] *Id.*

[32] *Id.* at 9–10.

Last, Removing Defendants argue that Plaintiff improperly joined Reilly-Benton as there is no reasonable possibility that Plaintiff could recover from Reilly-Benton at trial.[33] Removing Defendants contend that Plaintiff's petition asserts vague claims against Reilly-Benton and contains only bare-bones allegations against Reilly-Benton that could not survive 12(b)(6) scrutiny.[34] Furthermore, Removing Defendants assert that the Court should "pierce the pleadings" and consider evidence Removing Defendants submitted to meet its "heavy burden" in showing that Reilly-Benton was improperly joined.[35]

### C. *Plaintiff's Arguments in Reply in Further Support of Plaintiff's Motion to Remand*

In the reply, Plaintiff asserts that he did not voluntarily discontinue or abandon his claims against Reilly-Benton, that Reilly-Benton is not a nominal defendant, and last that Reilly-Benton was not improperly joined.[36] First, Plaintiff contends that he did not voluntarily discontinue his claims against Reilly-Benton because Plaintiff did not settle with Reilly-Benton and Plaintiff did not choose for the automatic stay to come into effect and preclude Plaintiff from prosecuting its case against Reilly-Benton.[37] Plaintiff contends that he did not voluntarily discontinue his case against Reilly-Benton on July 23, 2018, in state court, and that Removing Defendants did not quote the part of the hearing transcript, where Plaintiff's counsel identified the defendants who were part of the settlement agreement, which did not include Reilly-Benton.[38] Further, Plaintiff contends

---

[33] *Id.* at 10.

[34] *Id.* at 12.

[35] *Id.* at 12–13.

[36] Rec. Doc. 16.

[37] *Id.* at 1.

[38] *Id.* at 2.

that counsel for Plaintiff noted in open court that Plaintiff was "reserving our rights against all others."[39] Plaintiff asserts that Removing Defendants' arguments as to the Plaintiff's jury interrogatories, expert report, and pretrial inserts are unpersuasive, as Plaintiff was precluded from proceeding against Reilly-Benton because of the automatic bankruptcy court stay.[40]

Next, Plaintiff contends that Reilly-Benton is not a nominal defendant because at no point did Plaintiff voluntarily abandon his claim against Reilly-Benton.[41] Plaintiff further argues that he expects that Reilly-Benton's bankruptcy proceedings will eventually be dismissed and Plaintiff will be able to proceed against Reilly-Benton in state court.[42]

Last, Plaintiff asserts that Reilly-Benton was not improperly joined.[43] Plaintiff first notes that Reilly-Benton was clearly not added as a "straw-man" to defeat diversity jurisdiction, as at least four other defendants were Louisiana citizens at the time Plaintiff filed the petition for damages in state court.[44] Plaintiff proceeds to identify evidence that Plaintiff alleges shows that Plaintiff can succeed in his claims against Reilly-Benton in state court.[45] Plaintiff also argues that under Louisiana law, "fault of a bankrupt party cannot go before the jury."[46]

### III. Applicable Legal Standard

A federal court has subject matter jurisdiction over an action "where the matter for

---

[39] *Id.*

[40] *Id.* at 3.

[41] *Id.* at 4.

[42] *Id.* at 5.

[43] *Id.*

[44] *Id.*

[45] *Id.* at 6–9.

[46] *Id.* at 9–10 (citing *Landry v. Avondale Industries, Inc.*, 2003-3432, 2003-3434, 2003-3435 (La. 7/2/04); 877 So. 2d 970; *Romano v. Metropolitan Life Insurance Company*, 16-954 (La. App. 4 Cir. 5/24/17); 221 So. 3d 176, 180)).

7

controversy exceeds the sum or value of $75,000" and the action "is between citizens of different states."[47] "When removal is based on diversity of citizenship, the diversity must exist at the time of the removal."[48] The removing party bears the burden of demonstrating that federal jurisdiction exists.[49] In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that "removal statute[s] should be strictly construed in favor of remand."[50] Remand is appropriate if the Court lacks subject matter jurisdiction, and "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."[51]

When a case is removed on the basis of diversity jurisdiction, the case must have been removable at the time it was filed in state court;[52] however, even when a case is initially nonremovable, it may later become removable through the dismissal of all nondiverse parties.[53] While the dismissal of the nondiverse parties does not need to be a formal judgment of dismissal, it must be certain.[54] For example, a settlement is considered certain when it is enforceable according to the applicable state law.[55] However, there is an additional requirement, because a case

---

[47] 28 U.S.C. § 1332(a)(1).

[48] *Texas Beef Grp. v. Winfrey*, 201 F.3d 680, 686 (5th Cir. 2000) (citing 14B Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, *Federal Prac. and Proc.* § 3723 (1998 ed.)).

[49] *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

[50] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[51] *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) (citing *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988)).

[52] *Gibson v. Bruce,* 108 U.S. 561, 563 (1883).

[53] *Estate of Martineau v. ARCO Chem. Co.,* 203 F.3d 904, 910 (5th Cir. 2000).

[54] *Vasquez v. Alto Bonito Gravel Plant Corp.,* 56 F.3d 689, 694 (5th Cir.1995).

[55] *Id.*

"that is non-removable on its initial pleadings can only become removable pursuant to a voluntary act of the plaintiff," such as a decision to enter into a settlement.[56] A case is not considered removable, if the nondiverse defendant was dismissed by means involuntary to the plaintiff, such as a motion for summary judgment.[57]

When considering whether the diversity requirement has been met, only the citizenship of "real" parties in interest are relevant, as the joinder of nominal parties cannot prevent removal.[58] A nominal party is one who the plaintiff could not reasonably establish a cause of action against.[59]

Last, when a district court remands a case, the court has the discretion to award attorneys' fees incurred as a result of removal to the non-removing party, but the court should decline to do so if the removing party had an "objectively reasonable basis for removal."[60]

## IV. Analysis

*A.  Motion To Remand*

Removing Defendants argue that Reilly-Benton's Louisiana citizenship should not be considered for purposes of diversity, contending that Plaintiff voluntarily discontinued his case against Reilly-Benton. Plaintiff asserts that he has not dismissed Reilly-Benton from this case and Plaintiff's current inability to further prosecute the case against Reilly-Benton was not voluntary, but rather a result on the automatic stay put in place once Reilly-Benton filed for bankruptcy.

The parties do not contest that Reilly-Benton is a citizen of Louisiana, as Reilly-Benton is

---

[56] *Poche v. Eagle, Inc.*, No. CIV.A. 15-5436, 2015 WL 7015575, at *3 (E.D. La. Nov. 10, 2015) (quoting *Ratcliff v. Fibreboard Corp.*, 819 F.Supp. 584, 586 (W.D.Tex.1992)).

[57] *Id.*

[58] *Navarro Sav. Ass'n v. Lee,* 446 U.S. 458, 461 (1980); *Nunn v. Feltinton,* 294 F.2d 450, 453 (5th Cir. 1961).

[59] *Farias v. Bexar Cnty. Bd. of Trustees for Mental Health Mental Retardation Servs.,* 925 F.2d 866, 871 (5th Cir.1991) (quoting *B., Inc. v. Miller Brewing Co.,* 663 F.2d 545, 549 (5th Cir.1981)).

[60] *Omega Hosp., L.L.C. v. La. Health Serv. & Indem. Co.,* 592 F. App'x 268, 270 (5th Cir. 2014).

incorporated under Louisiana law and has its principal place of business in Louisiana. Removing Defendants do not argue that Reilly-Benton's citizenship should not be considered because of its bankruptcy, but rather argue that in state court, on July 23, 2018, Plaintiff discontinued its case against Reilly-Benton, when Plaintiff's counsel stated that the only remaining defendants in this case, after settlement, were Amchem and Union Carbide. Removing Defendants further argue that Plaintiff demonstrated his intent to discontinue his case against Reilly-Benton because Plaintiff did not address Reilly-Benton in Plaintiff's proposed jury interrogatories, pretrial inserts, or expert reports.

In rebuttal, Plaintiff points to the portion of the state court transcript, on July 23, 2018, where Plaintiff specifically identified the settled parties, which did not include Reilly-Benton, and reserved his right to his claims against "all others." Further, Plaintiff contends he has not taken further action against Reilly-Benton, such as including Reilly-Benton in his jury interrogatories, pretrial inserts, or the testimony of its expert witness, because Plaintiff is precluded from proceeding against Reilly-Benton due to the automatic stay in place as a result of Reilly-Benton filing for bankruptcy.

As explained above, a case "that is non-removable on its initial pleadings can only become removable pursuant to a voluntary act of the plaintiff," such as a settlement.[61] Removing Defendants attempt to ignore the fact that Reilly-Benton is in bankruptcy and that pre-bankruptcy petition claims against Reilly-Benton, such as the instant suit, are barred under the automatic stay, with resulting penalties and punitive damages. The cases relied on by Removing Defendants, where the plaintiffs took voluntary acts to discontinue claims against nondiverse defendants,

---

[61] *Poche v. Eagle, Inc.*, No. CIV.A. 15-5436, 2015 WL 7015575, at *3 (E.D. La. Nov. 10, 2015).

*Heniford v. American Motorists Sales Corp.*[62] and *Erdey v. Am. Honda Co.*,[63] are clearly distinguishable, as neither of those cases involved a defendant in bankruptcy, where an automatic stay precluded further prosecution of a claim.

Furthermore, Plaintiff points to excerpts of the transcript of a hearing held in state court on July 23, 2018, where Plaintiff's counsel identified the parties with whom Plaintiff settled, which did not include Reilly-Benton, and where Plaintiff reserved his rights against all other Defendants. Thus, Plaintiff has not voluntarily discontinued his case against Reilly-Benton, but instead Plaintiff's inability to prosecute his case against Reilly-Benton was caused by the effect of the automatic stay, and not by any voluntary acts of Plaintiff.

Removing Defendants make the same arguments they made regarding Plaintiff's alleged "voluntary" discontinuance of his case against Reilly-Benton for why Reilly-Benton should be considered a nominal defendant and not considered for the purposes of diversity jurisdiction. Removing Defendants contend that Plaintiff voluntarily discontinued his case against Reilly-Benton when Plaintiff's counsel stated in state court on July 23, 2018, that the only remaining defendants were Amchem and Union Carbide and when Plaintiff did not include Reilly-Benton in his proposed jury interrogatories, his pretrial inserts, or ask his expert to make a finding of liability as to Reilly-Benton. For the same reasons explained above, Plaintiff's case against Reilly-Benton is stayed due to its bankruptcy, not discontinued nor abandoned due to any voluntary act of Plaintiff. Therefore, Reilly-Benton is a "real" party, and its citizenship must be considered in determining whether this Court has diversity jurisdiction over this case.

Finally, in the opposition, Removing Defendants raise improper joinder as a basis for

---

[62] 471 F.Supp. 328 (D.S.C. 1979).

[63] 96 F.R.D. 593, 598 (M.D.L.A.).

diversity jurisdiction for the first time. In the Notice of Removal, Removing Defendants made no mention of improper joinder as a basis for removal. A notice of removal is analogous to a pleading, which under the Federal Rules of Civil Procedure, "shall be so construed as to do substantial justice."[64] Therefore, the Court will not consider improper joinder as a basis for removal, as it would be unjust to allow Removing Defendants to remove this case on one ground and then, only when faced with a legitimate challenge to that ground, try to defend removal on a different ground.[65]

The presence of Reilly-Benton, a citizen of Louisiana, in this lawsuit at both the initiation of the lawsuit and at the time of removal destroys complete diversity, as Plaintiff is a Louisiana citizen. Thus, the Court lacks subject matter jurisdiction and Plaintiff's Motion to Remand must be granted.

## B.  *Request for Costs, Attorneys' Fees, and Sanctions*

Plaintiff requested costs, attorneys' fees, and sanctions against Removing Defendants for removing this case the day trial was set to begin in state court. However, Removing Defendants' arguments were not meritless, and therefore, Removing Defendant had an "objectively reasonable basis" for seeking removal. As such, Plaintiff is not entitled to an award of attorneys' fees, costs, or sanctions.

---

[64] Fed. R. Civ. Pro. 8(f); see also *Hinojosa v. Perez*, 214 F. Supp. 2d 703, 707 (S.D. Tex. 2002).

[65] See *Hasbun v. Pan Am. Life Ins. Grp., Inc.*, No. CV H-13-830, 2014 WL 12599397, at *3 (S.D. Tex. Mar. 28, 2014) ("It would be a substantial injustice to allow Defendants to remove a case on one ground and then, when faced with a serious challenge to that ground, attempt to justify removal on an entirely different . . . ground." (quoting *Hinojosa*, 214 F. Supp. 2d at 707)); *Prime Income Asset Mgmt. Co. v. Waters Edge Living LLC*, No. CIV.A. 3:07-CV-0102D, 2007 WL 2229050, at *8 (N.D. Tex. Aug. 3, 2007) ("[T]he court will not permit a removing defendant to defeat a remand motion by relying in its opposition on grounds for removal not included in its original or amended notice of removal.").

## V. Conclusion

Based on the foregoing, because the Court finds that it lacks subject matter jurisdiction in this case, remand to state court is appropriate. Further, the Court finds that Removing Defendants had an objectively reasonable basis for removal; therefore, Plaintiff's request for costs, attorneys' fees, and sanctions is denied. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's "Motion to Remand"[66] is **GRANTED** and this matter is remanded to the Civil District Court for the Parish of Orleans, State of Louisiana.

**IT IS FURTHER ORDERED** that Plaintiff's Request for Costs, Attorneys' Fees, and Sanctions is **DENIED**.

**NEW ORLEANS, LOUISIANA**, this __26th__ day of July, 2018.

_____
**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[66] Rec. Doc. 3.